[No. 38885.    Department Two.    September 7, 1967.]

THE STATE OF WASHINGTON, *Respondent,* v. GORDON MICHAEL ALLEN, *Appellant,* LEROY BURR, JR., *Defendant.**

*Robert H. Peterson* (of *Muscek, Adams, Peterson & Peterson*), for appellant (appointed counsel for appeal).

*Ronald L. Hendry, Eugene G. Olson, and Joseph D. Mladinov,* for respondent.

*Reported in 431 P.2d 593.

LANGENBACH, J.†—This is a companion case to *State v. Allen,* ante p. 38, 431 P.2d 590 (1967), where the facts are recited in more detail. Appellant Allen and LeRoy Burr were convicted of armed robbery after a joint trial. Each has separately appealed.

Two men, later identified as appellant and Burr, held up the bartender of a tavern. Appellant carried a .22 pistol and, while Burr controlled the patrons, defendant took a large sum of money from the bartender. The culprits then fled.

The next day police received a report of shooting in a quarry. On going to investigate, an officer found a .22 pistol on the hood of an automobile near which the appellant (then known under an assumed name) was standing. The officer took the serial number of the weapon. At a subsequent time the weapon was taken into police custody.

When appellant and Burr were identified by eyewitnesses as the two who held up the tavern, a joint information was filed against them. At trial the state sought to have the .22 pistol identified for "illustrative purposes."

The rule in such cases is that stated in *State v. Gray,* 64 Wn.2d 979, 983, 395 P.2d 490 (1964):

> Thus, models, samples and objects offered in evidence for purely illustrative purposes must not only be relevant and material in character to the ultimate fact sought to be demonstrated by their use, but, additionally, must be supported by proof showing such evidence to be substantially like the real thing and substantially similar in operation and function to the object or contrivance in issue. If the proffered evidence does not meet this test it should be rejected.

In the case at bar, when the matter of the gun's introduction was raised, the court said:

> I would not let it in unless the foundation was laid by the witness who is going to identify it that he saw a similar weapon in the hand of either one or both of the defendants at the time, present at the scene of the robbery. If

---

†Judge Langenbach is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

he testifies first that they were armed, and describes generally the pistol to such an extent so that it could be compared to it as being reasonably similar, for that limited purpose I will allow it.

After testimony by an eyewitness that appellant was armed with a gun similar to one owned by the witness and that the .22 pistol offered in evidence resembled the one held by the robber who stood by the tavern bar, the court addressed the jury as follows:

Very well. Ladies and Gentlemen, so that you will understand—this last Exhibit which was shown to the witness, it is being—was introduced at this time purely as a demonstrative piece of evidence. It's [sic] introduction is not to be considered by you as showing that this gun had any connection with the robbery alleged to have occurred in the Green Pup Tavern on June 29th, *nor are you to infer from its use in the courtroom that this gun is a gun owned by the defendant, or the gun used, nor are you to infer that this gun that has been introduced has any connection with either one of these defendants.* It's merely for purposes of demonstration. (Italics ours.)

Appellant's principal claim of error is that the court should have granted his request for mistrial based on the admission and use of this weapon for illustrative purposes. Appellant does not attack the custom of introducing evidence for illustrative purposes. He argues only that such evidence must not be related in any way to appellant lest the jury confuse the issue and relate the specific item introduced to the specific appellant. Here there was testimony that the weapon introduced for purely illustrative purposes was found near the appellant on the day following the robbery. This case resembles *State v. Duree,* 52 Wn.2d 324, 324 P.2d 1074 (1958), where eyewitnesses testified that defendant knifed his victim in a room in which police later found a butcher knife. The admission of that knife for illustrative purposes was upheld by this court. In our opinion, the trial court's careful admonishment of the jury that it might not infer a connection between the .22 pistol and appellant sufficiently protected appellant against the harmful inference on which this assignment of error is based. Under the

circumstances the trial court did not abuse its discretion in allowing the introduction of this weapon for illustrative purposes.

Error was also claimed by reason of the fact that the prosecuting attorney referred to this gun in his closing argument to the jury. The record shows that counsel for Burr had argued that the gun in question was owned by one of the witnesses called on his behalf. In rebuttal the prosecuting attorney questioned the ownership of the gun. No error was committed.

The judgment and sentence is affirmed.

FINLEY, C. J., DONWORTH, HUNTER, and NEILL, JJ., concur.

November 3, 1967. Petition for rehearing denied.